IN THE CIRCUIT COURT OF THE 20TH JUDICIAL
CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

CASE NO:

ALICE TENERIELLO and SALVATORE
TENERIELLO, husband and wife,

  Plaintiff,

v.

KOHL'S, INC. and
JOHN and/or JANE DOE,

  Defendant's.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiffs, ALICE TENERIELLO and SALVATORE TENERIELLO, husband and wife, by and through her undersigned counsel, and hereby sues the Defendants, KOHL'S, INC., JANE DOE, and JOHN DOE, as store manager, and in support thereof alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars.

2. At all times material hereto, the Plaintiff, ALICE TENERIELLO, was an individual residing in Collier County, Florida and is sui juris.

3. At all times material hereto, the Defendant, KOHL'S, was a foreign corporation authorized to do and doing business in COLLIER County, Florida.

4. At all times material hereto, the Defendant, JOHN and/or JANE DOE, was an individual residing in Collier County, Florida.

CASE NO.

5. Venue is proper in Collier County as the subject incident took place therein.

6. On or about January 28, 2020, the Defendant, KOHL'S, owned, maintained and/or controlled a KOHL'S retail store located at 6381 Naples Blvd, Naples, Collier County, Florida.

7. At all times material hereto, the Defendant, JOHN and/or JANE DOE, managed the aforedescribed KOHL'S.

8. On the above date, the Plaintiff, ALICE TENERIELLO, was a business invitee on the Defendants' property and lawfully on the premises.

9. At the aforedescribed time and place, the Plaintiff, while exercising due care and caution for her own safety, was shopping at the aforedescribed KOHL'S when she was caused to slip and fall to the floor due to the careless and negligent manner in which the floors were maintained, more specifically, Plaintiff slipped due to the floors in the dressing room being slippery.

## COUNT I:
## NEGLIGENCE CLAIM AGAINST KOHL'S

The Plaintiff, ALICE TENERIELLO, readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

10. At all times material hereto, the Defendant, KOHL'S, by and through its agents and/or employees, owed the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to her in her lawful use of the same.

11. The Defendant, KOHL'S, owed the Plaintiff a duty to warn her of the aforedescribed dangerous and unsafe condition which led to Plaintiff's slip and fall.

12. The Defendant, KOHL'S, by and through its employees and/or agents, breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

   a. The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid substances, transitory foreign objects and/or other debris.

   b. Had Defendant exercised reasonable care in the maintenance of the store's floors, it would have discovered the dangerous condition of a liquid substance on its floor.

   c. The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors in the dressing room area.

   d. The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed in the store; and

   e. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

13. The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by the Plaintiff.

14. As a direct result of her slip and fall, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn wages. The injuries sustained by Plaintiff, ALICE TENERIELLO, are permanent within a reasonable degree of medical

CASE NO.

probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, ALICE TENERIELLO, demands judgment against the Defendant, KOHL'S, for damages, costs and any other relief this Court deems appropriate. The Plaintiff further demands a trial by jury as to all issues so triable by right.

## COUNT II:

## NEGLIGENCE CLAIM AGAINST JOHN AND/OR JANE DOE,

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

15. At all times material hereto, Defendant, JOHN and/or JANE DOE, the manager of the KOHL'S store identified in Paragraph 7, was in control of and responsible for the area in the front of the store adjacent to the cash registers of said store.

16. The Defendant, JOHN and/or JANE DOE, as manager of the store identified in paragraph 7, owed to the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her, in her lawful use of the same.

17. As such, at all material times, said manager owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises.

18. The aforesaid manager's duty to maintain the premises in a reasonably safe condition included reasonable efforts to keep the premises free from liquid substances, transitory foreign objects and/or other debris that might foreseeably give rise to loss, injury, or damage.

4

CASE NO.

19. Further, being in control of the aforedescribed area in the dressing rooms, Defendant, JOHN and/or JANE DOE, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the aforesaid premisesin such manner as to avoid injury or damages to business invitees, such as Plaintiff, ALICE TENERIELLO, as a result of a liquid substance, transitory foreign objects and/or other debris on the floor of said store.

20. Defendant store manager JOHN and/or JANE DOE, negligently failed to exercise reasonable care relating to the aforesaid department while under his control in that he failed to take reasonable precautions to maintain said premises in a safe condition.

21. Among the duties of Defendant, JOHN and/or JANE DOE, as being the person in control of the area in or around the dressing room area identified in Paragraph 10, was to:

a. conduct, personally or through those under his control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous substances, including liquids and debris, on the floor of said premises and to clean up or remove such dangerous substances prior to business invitees being injured thereby; and

b. to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff, ALICE TENERIELLO, while shopping in and at said premises.

22. But for the negligent failure of Defendant, JOHN and/or JANE DOE, to perform such duties and responsibilities, the Plaintiff would not have fallen and injured herself, as aforesaid.

23. As a direct and proximate result of Defendant JOHN and/or JANE DOE's negligence, the Plaintiff, ALICE TENERIELLO, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, mental anguish, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses

CASE NO.

and other expenses. The injuries sustained by Plaintiff are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, ALICE TENERIELLO, demands judgment against the Defendant, JOHN and/or JANE DOE, for damages, costs and any other relief this Court may deem appropriate. The Plaintiff further demands trial by jury as to all issues so triable by right.

### COUNT III:
### CONSORTIUM CLAIM AGAINST FOR DEFENDANT KOHL'S, INC. AND JOHN AND/OR JANE DOE

Plaintiff, SALVATORE TENERIELLO, sues Defendant, KOHL'S, INC. and JOHN and/or JANE DOE, and alleges:

24. The Plaintiff, SALVATORE TENERIELLO, readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein.

25. On January 28, 2020, the date of the subject incident, and at all times material to this action, SALVATORE TENERIELLO and ALICE TENERIELLO were husband and wife.

26. As a direct and proximate result of the negligence described herein above, Plaintiff, SALVATORE TENERIELLO, suffered the loss of the services, comfort, society, companionship and consortium of his spouse, ALICE TENERIELLO, for a substantial period of time.

CASE NO.

WHEREFORE, SALVATORE TENERIELLO, demands judgment against Defendant, KOHLS, INC., for compensatory damages, plus costs of this action, and demands trial by jury.

Dated this 7th day of May, 2021.

        LAW OFFICE OF JOSEPH MICHAEL SETTE
        Attorney for Plaintiff
        9160 Forum Corporate Parkway, Suite 350
        Fort Myers, Florida 33905
        Telephone: (239) 351-5561
        Email: jsette@settelegalservice.com;
        mail@settelegalservice.com

        By: /s/ Joseph Michael Sette
            Joseph Michael Sette, Esquire
            Florida Bar No. 949981