UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALICE TENERIELLO and
SALVATORE TENERIELLO,

    Plaintiffs,

v.                          Case No: 2:21-cv-749-SPC-MRM

KOHL'S, INC. and JOHN DOE,

    Defendants.
_____/

# ORDER[1]

This matter comes before the Court on a sua sponte review of Defendant Kohl's, Inc.'s Notice of Removal. (Doc. 1). This slip-and-fall case stems from Plaintiff Alice Teneriello falling in a local Kohl's store. Plaintiff and her husband initially sued Kohl's and an unnamed manager in state court for negligence and loss of the services, comfort, society, companionship, and consortium of a spouse. (Doc. 1-8). Kohl's has now removed the case here based on diversity jurisdiction.

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

After reviewing the Notice of Removal and attached documents, the Court finds that Kohl's has not shown the parties to be diverse. To establish diversity over a natural person, a complaint must allege the person's citizenship. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A person's citizenship is determined by her "domicile," or "the place of h[er] true, fixed, and permanent home and principal establishment . . . to which [s]he has the intention of returning whenever [s]he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

Kohl's alleges that "Plaintiffs were and are residents of Collier County, Florida and thus, are citizens of Florida." (Doc. 1 at 7). And it says so because the Complaint claims Plaintiff Alice Teneriello to be "an individual residing in Collier, County, Florida." (Doc. 1-8 at 2). The Complaint is silent about her

husband. So Kohl's relies on Plaintiff Alice Teneriello's residency to establish her citizenship. Such reliance is insufficient because residency does not equal domicile. *See Taylor*, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Indeed, Kohl's neither says anything about nor offers evidence on where the Plaintiffs intend to remain indefinitely. Because Kohl's lacks sufficient information on Plaintiffs' citizenship to satisfy its jurisdictional burden, it must supplement the Notice of Removal.

Accordingly, it is now

**ORDERED:**

Defendant Kohl's, Inc. must **SUPPLEMENT** its Notice of Removal (Doc. 1) on or before **October 26, 2021**, to show cause why this case should not be remanded for lack of subject-matter jurisdiction. **Failure to comply with this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 12, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record